377 So.2d 332 (1979)
STATE of Louisiana
v.
Henry B. LITTLE, Robert Young and James Edwards.
No. 64862.
Supreme Court of Louisiana.
November 12, 1979.
Claude R. Sledge, Public Defender, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-appellee.
*333 MARCUS, Justice.[*]
Henry B. Little, Robert Young and James Edwards were charged in the same information with the crime of theft in violation of La.R.S. 14:67. Defendants withdrew their former pleas of not guilty and entered pleas of guilty to theft of a thing (copper wire) amounting to a value of one hundred dollars or more, but less than a value of five hundred dollars. After determining the pleas were made voluntarily with understanding of the nature of the charge, the trial judge accepted the pleas of guilty. Presentence investigations were ordered on each defendant. Subsequently, each defendant was sentenced to serve sixteen months at hard labor. On appeal, defendants rely on three assignments of error for reversal of their sentences. Finding reversible error in one of the assigned errors, we need not consider the others.
Defendants contend the trial court erred in failing to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 because the court did not state for the record the considerations taken into account and the factual basis for imposing sentences. Article 894.1 provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation;
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.

[Emphasis added.]
The trial court sentenced all three defendants on the same day to identical terms of imprisonment. Except for the defendants' names and ages, the minutes (there is no transcript of the sentencing hearing) reflecting the court's reasons for imposing sentences are also identical:

*334 [T]he Court finds that there is an undue risk that during the period of any suspended sentence or probation the defendants will commit another crime, that the defendants are all in need of custodial environment which can most effectively be served by their incarceration or commitment to an institution, and, that a lesser sentence would depreciate the seriousness of the offense. The Court also finds that the defendants are not suitable risks for probation for all of the above reasons.
Thereupon, the defendants ... were each sentenced by the Court to
. . . . .
Counsel for Defendants asks the Court if it has any additional reasons that it would like to state for the record for the imposition of sentences the Court has given the defendants; whereupon, the Court replied, `The past records of the defendants enters into the Court's decision, as well as the apparent taking of this copper wire by design. The Court was advised, or given the impression, at the time the defendants pled Guilty that they had some justification for thinking that the wire in question was abandoned and I was prepared to take that into account in the fixing of sentence. However, the Court feels that the factual basis for the crime does not indicate that that was the case and that this was a matter of design on the defendants' part and was probably not prompted by any thinking on their part that the copper wire in question had been abandoned. ...'
Article 894.1 requires each sentence to be individualized; the sentence should be adapted to the offender as well as to the offense. State v. Jackson, 360 So.2d 842 (La.1978). Article 894.1 lists three factors supporting imprisonment. The statute also enumerates eleven factors favoring suspension of sentence or probation, though it provides that these factors do not control the discretion of the court which is entitled to great weight. However, the trial court must state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
As stated in State v. Jackson, supra, at 844:
The considerations taken into account by the trial judge should be based upon factual determinations. Among the numerous matters to be reviewed are: the defendant's personal history (e. g., age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement.
In the instant case, the trial judge merely recited the three factors listed in art. 894.1(A) supporting imprisonment without stating the considerations taken into account and the factual basis therefor in imposing sentences of imprisonment. Presentence investigations had been ordered on each defendant. Although the judge stated that the past records of the defendants entered into his decision, he did not disclose what parts of their records were considered. Nor did he refer to the degree of involvement of each defendant in this particular case. If past criminal records or degree of involvement in the crime of each defendant varied, it is difficult to understand why each defendant was given the same sentence. Additionally, the trial judge stated that the circumstances surrounding the crime indicated that defendants did not believe the copper wire was abandoned. This determination supports defendants' pleas of guilty but does not disclose what mitigating factors enumerated in art. 894.1(B) were not present in this case.
Unless the record discloses the questions taken into account and the factual basis therefor in imposing sentence, we are unable to review the excessiveness of the sentences imposed upon these defendants. See State v. Sepulvado, 367 So.2d 762 (La.1979). Because the record does not reveal that the court complied with art. 894.1, we must set aside the sentences and remand for resentencing.

*335 DECREE
For the reasons assigned, the convictions are affirmed; the sentences are vacated and set aside and the case is remanded to the district court for resentencing of defendants according to law and consistent with the views herein expressed.
SUMMERS, J., dissents.
NOTES
[*] Chief Judge Paul B. Landry, Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.