394 So.2d 597 (1981)
STATE of Louisiana
v.
Robert FIELDS.
No. 80-K-1658.
Supreme Court of Louisiana.
January 26, 1981.
Rehearing Denied March 2, 1981.[*]
*598 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, W. C. Douglas Friederichsen, Asst. Dist. Attys., for plaintiff-respondent.
William H. Daume, Gretna, for defendant-relator.
FORET, Justice Ad Hoc.[**]
Robert Fields was convicted of attempted theft of $500.00 or less, a violation of LSA-R.S. 14:27:67. The trial court sentenced the defendant to serve six months in the parish prison with credit for time served following a pre-sentence investigation. Defendant now appears before this Court on a grant of supervisory writs pursuant to LSA-Const. (1974), Article 5, §§ 2 and 5, and LSA-C. Cr.P. Article 894.1 urging two assignments of error.

ASSIGNMENTS OF ERROR
1. The district court committed error when it sentenced applicant to a prison sentence without a hearing, without reciting a factual basis for its sentence, and without good cause shown.
2. The district court committed error when it sentenced applicant to six months in prison on a first offense.

FACTS
On March 13, 1980, a security officer from the Sears Oakwood store reported that Robert Fields had purchased $389.54 worth of merchandise with a Sears credit card belonging to Clarence Hemple. The defendant attempted to purchase other merchandise valued at approximately $400.00, but was unsuccessful. The security officer stopped the defendant as he left the store with the merchandise, and defendant told him that the credit card belonged to his stepfather. It was later discovered that the owner of the card had reported it stolen in December of 1979. Defendant admitted that he found a wallet containing no money, but a Sears credit card while drinking one night, and thereafter used the card to purchase merchandise at Sears.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial judge failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. Article 894.1 because the court failed to state for the record the considerations taken into account and the factual basis for the imposed sentence.
He further argues that the sentence imposed is excessive. However, for reasons which will be made clear, we pretermit consideration of this issue raised by defendant's second assignment of error.
LSA-C.Cr.P. Article 894.1 provides:
"Art. 894.1 Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the *599 court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Added by Acts 1977, No. 635, § 1."
The trial judge, in attempting to comply with the guidelines of LSA-C.Cr.P. Article 894.1 used a standardized form which restates those guidelines in such a manner that the trial judge simply checked off those present or absent in the case before him. Similarly, the trial judge stated the following at the sentencing hearing:
"Okay, Mr. Fields, I have ordered a pre-sentence investigation in this case which involves an attempted theft of three hundred and eighty-nine dollars on a plea, involving a credit card that was stolen, according to this pre-sentence report. According to your statement, you found the credit card, but you went ahead and purchased stuff anyway and you know you shouldn't have. The Court finds that there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; the defendant is in need of correctional treatment or custodial environment that can be provided most effectively by his commitment to an institution. And a lesser sentence will deprecate the seriousness of the defendant's crime. The Court will sentence you to six months in the Parish Prison."
*600 In the instant case, the trial court court judge used a check-off form, the pertinent parts thereof, reproduced below.[1]
The trial court simply tracked the provisions of LSA-C.Cr.P. Article 894.1(A), subparagraphs (1), (2), and (3), the language of which appears hereinabove. The trial judge articulated no reasons why he felt that there was an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime, or why the defendant was in need of correctional treatment or a custodial environment, or why he considered that a lesser sentence would deprecate the seriousness of the defendant's crime.
Simply checking off aggravating or mitigating factors on a standardized form sheet is not adequate compliance with Article 894.1. The article is designed to provide guidelines in considering the circumstances of each case. Although it is not necessary that the trial court consider every aggravating and/or mitigating circumstance, the sentence, however, should be individualized, i. e., adapted to the offender as well as to the offense. State v. Jackson, 360 So.2d 842 (La.1978). Checking off factors does not lend itself to a thorough consideration of the particulars of an individual case, nor does it leave room for the presentation of the precise factual basis underlying a conclusion that the factors are applicable. This Court has held in the past that to merely recite factors set forth in the sentencing statute which support imprisonment, but not to state considerations taken into account or the factual basis therefor in imposing sentence, does not satisfy Article 894.1. State v. Little, 377 So.2d 332 (La. 1979); State v. Watson, 372 So.2d 1205 (La. 1979).
In State v. Sepulvado, 367 So.2d 762 (La. 1979), we stated that the statutory criteria provided by LSA-C.Cr.P. Article 894.1 are appropriate criteria by which to measure whether a sentence within statutory limits *601 is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous alternatives. We further noted that the trial judge's reasons in imposing sentence, as required by this statute, are an important aid to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive. Absent compliance with LSA-C.Cr.P. Article 894.1 as in the instant case, we lack the necessary information by which to measure whether the sentence imposed is excessive. See also State v. Bourgeois, 388 So.2d 359 (La.1980); State v. Daranda, 388 So.2d 759 (La.1980).
We conclude that the trial judge failed to comply with LSA-C.Cr.P. Article 894.1(C).
Accordingly, we vacate defendant's sentence and remand the case to the trial court with instructions to properly consider the sentencing guidelines in the statute before imposing sentence.[2]

DECREE
For the reasons assigned, the sentence imposed on defendant is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant in accordance with law.
SENTENCE VACATED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
This decision does not proscribe the use of printed forms in complying with C.Cr.P. art 894.1. However, whether by completing a printed form or by dictating a statement into the record, the trial judge must "state for the record ... the factual basis" for the considerations taken into account in imposing sentence.
NOTES
[*] Watson, J., would grant a rehearing. Blanche, J., did not participate in rehearing.
[**] Judges Edmond L. Guidry, Jr., J. Burton Foret, and P. J. Laborde, Jr. of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] ">1.

[2] In remanding this case for a new sentencing hearing, we do not pass or comment on whether or not the sentence was excessive. We are remanding because the use of a check-off form does not furnish enough information to this Court about the defendant and surrounding circumstances to enable us to properly review the excessiveness vel non of the sentence imposed.