406 So.2d 550 (1981)
STATE of Louisiana
v.
Roger S. BOURGEOIS.
No. 81-KA-0588.
Supreme Court of Louisiana.
November 16, 1981.
*551 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., W. C. Douglas Friederichsen, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Michael S. Fawer, E. Sue Bernie, and Matthew H. Greenbaum, New Orleans, for defendant-appellant.
BLANCHE, Justice.[*]
Defendant, Roger S. Bourgeois, pleaded guilty to possession of cocaine with intent to distribute, a violation of R.S. 40:967(A), and was sentenced to 15 years at hard labor. Bourgeois appeals his conviction claiming that the trial court erred in its refusal to grant a motion to withdraw his guilty plea and that the reasons given in imposing sentence were inadequate.
Special Agent Ray Egan of the Drug Enforcement Administration in New Orleans was informed by the Dade County Sheriff's Office in Miami that one of their officers had spoken to Bourgeois at the Miami airport. At that time, defendant appeared to be nervous and gave conflicting responses when questioned. Bourgeois then checked his suitcase at the ticket counter and it was placed on a plane bound for New Orleans. Egan was given a complete and accurate description of the suitcase and its check claim number. Because of heavy fog, planes were delayed and re-routed, and neither Bourgeois nor his suitcase could be located that night.
The next day, Egan was informed that the defendant would be arriving in New Orleans at 5:00 p. m. Defendant's suitcase arrived at 2:00 p. m. and a police dog, trained in sniffing for narcotics, signalled the presence of drugs in the suitcase. When the defendant arrived, he proceeded to the baggage area. He remained standing at the exit door looking nervously in all directions. Despite the fact that the suitcase came around the conveyor belt twice, the defendant made no attempt to retrieve it. Suddenly, the defendant turned and ran through the exit door. He was pursued and stopped in the parking lot by Officer Egan.
Egan advised the defendant of his Miranda rights and took Bourgeois and the suitcase to a third floor office used by the Sheriff's Department. Though Bourgeois had denied ownership of the suitcase, he decided to cooperate and sign a consent to search form when Egan began preparing an application for a search warrant. The suitcase was opened and found to contain 44 grams of cocaine, several other drugs and some clothing.
Bourgeois, pursuant to a plea bargain agreement, pleaded guilty to possession of cocaine with intent to distribute and was sentenced to 15 years at hard labor. On appeal, this Court affirmed his conviction but remanded the case because the trial judge failed to give reasons in imposing sentence as required by C.Cr.P. art. 894.1. On remand, Bourgeois moved to withdraw his guilty plea claiming that the underlying facts failed to establish his possession of cocaine. The trial court denied his motion and provided reasons to support the 15 year *552 sentence. Defendant again appeals to this Court claiming that the trial judge arbitrarily denied his motion and failed to state for the record the factual considerations taken into account in imposing sentence.

Assignment of Error Number 1
Defendant argues that it was error by the trial court to deny his motion to withdraw his guilty plea. The trial court concluded that it would be improper to consider the motion because Bourgeois' sentence had not been vacated by this Court. State v. Banks, 383 So.2d 1009 (La.1980). Though our earlier remand of this case did specifically vacate the sentence imposed we find no error in the trial court's denial of the motion to withdraw the guilty plea.
C.Cr.P. art. 559 provides that the court may permit a guilty plea to be withdrawn at any time before sentencing. This Court has consistently held that discretion to permit withdrawal of a guilty plea is vested in the trial judge. However, that discretion cannot be exercised arbitrarily and abuses of discretion can be corrected on appeal. State v. Frank, 391 So.2d 1133 (La.1980); State v. Compton, 367 So.2d 844 (La.1979). Based on the facts of this case, the trial court's denial of the motion to withdraw the guilty plea was not an abuse of discretion.
Bourgeois attempted to withdraw his plea because he claimed there was no evidence that he actually possessed cocaine while in Louisiana. But, it is well-settled that a guilty plea by its nature admits factual guilt and relieves the state of the necessity to prove it by a contested trial. State v. Crosby, 338 So.2d 584 (La.1976).
There is no argument by Bourgeois that his plea was not knowingly or voluntarily made, nor does he argue that the state breached the plea bargain agreement. Bourgeois does not claim lack of notice as to the nature of the charge against him nor does he claim that the plea is constitutionally infirm for any other reason. Accordingly, this assignment of error lacks merit.

Assignments of Error Numbers 2 and 3
Bourgeois claims that the trial court failed to follow the sentencing guidelines found in C.Cr.P. art. 894.1[1] and imposed an excessive sentence.
The maximum sentence for a violation of R.S. 40:967(A) is imprisonment for 30 years at hard labor and a fine of $15,000. Thus, the defendant's sentence of 15 years at hard labor falls within the statutory limits. This Court has held, however, that a sentence within the statutory limits may be *553 reviewed for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). The reasons given by the trial court in imposing sentence are an important aid to this Court when reviewing a sentence complained of as excessive. Sepulvado, supra. Under art. 894.1, the trial judge must state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentence in order to insure that each sentence imposed is individualized to the offender as well as to the offense. C.Cr.P. art. 894.1; State v. Little, 377 So.2d 332 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978). As stated in Jackson, the trial judge ought to consider such factors as:
"... the defendant's personal history (e.g. age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime, the circumstances of the offense, the likelihood that defendant will commit another crime, and his potential for rehabilitation through correctional services other than confinement."
On remand, an extensive hearing was conducted by the trial judge, at which time mitigating circumstances were heard. Lionel Bourgeois, the defendant's father, testified that his son's behavior was partly occasioned by his separation from his family. He also stated that defendant was deeply humiliated as a result of his conduct, that his son wished to correct any errors which he may have made in the past, and that he was presently trying to improve himself. To combat his drug problem, Bourgeois sought professional guidance. He has seen a therapist and has undergone intensive counseling at DePaul Hospital. The father expressed the utmost concern for his son's future. To provide a stable and supportive environment for his son, Lionel Bourgeois offered the defendant residence in the family home in the event he was given a probationary sentence.
To this testimony, the trial judge responded that "Defendant's paternal parent had established an enviable record with regard to his own life, but defendant's father was not involved in this case." Concerning the defendant's personal background, the trial judge further stated, "I think that because of the fact that he has had such an imminently good family where he came from, it's even less reason why he should become involved in narcotics, not more." Thus, it is evident that the trial judge discarded the defendant's family background and their desire to support their son during his probationary period. Further, the judge found that such a background was a lessor excuse for defendant's conduct and that he was more deserving of punishment.
The trial judge concluded that it was likely that the defendant would commit another crime in the future, that the defendant is in need of a custodial environment and that a lesser sentence would deprecate the seriousness of the crime.
With regard to the likelihood that defendant would commit another crime, and the observation that defendant is in need of a custodial environment, the trial judge disregarded that this was the defendant's first conviction and referred to the fact that Bourgeois had been arrested on three previous occasions for drug-related offenses. Concerning this, he stated, "While it is true the defendant was acquitted of some of the charges, the rap sheet does not indicate that there were any dispositions on several of the others, but the fact remains that Mr. Bourgeois has a very long history involving drugs." Thus, it may be concluded that the trial judge, because of defendant's past involvement with drugs, believed that there was an undue risk that during the period of suspended sentence or probation, defendant would commit another crime.
With regard to the conclusion that a lesser sentence would deprecate the seriousness of the crime, the trial judge noted that the present guilty plea was taken in consideration of a plea bargain agreement in which two other charges were dropped. These charges dealt with Bourgeois' possession of the seven dilaudid tablets and one ounce of liquid methadone. However, we believe that the trial judge did, in fact, *554 consider an inappropriate factor, namely, the rampant distribution of narcotics in the community. In his reasons for sentence, the trial judge stated:
"... It is difficult for children to escape the association of people who are attempting to pass drugs to these children and get even their lunch money, in grammer (sic) schools, elementary schools, high school, college campuses, in fact, even in this very Court."
The amount of cocaine found in defendant's suitcase at the time of his arrest was no more than 1½ ounces. Although defendant did plead guilty to possession with intent to distribute, the small amounts would seem to be more consistent with amounts for his own personal consumption.
The trial judge was in possession of a pre-sentence investigative report outlining the defendant's social history with a recommendation that, although the defendant presented a high-risk case for probation, his first offender status merited probation consideration. The parole-probation officer concluded his report by recommending that Bourgeois undergo counseling sessions and voluntary service through community organizations. The judge rejected this recommendation in favor of defendant's incarceration, evidently believing that a lesser sentence would deprecate the seriousness of the crime.
Thus, because the record indicates that the trial judge was aware of and considered the mitigating circumstances, a remand for compliance with C.Cr.P. art. 894.1 is unnecessary. State v. Day, 391 So.2d 1147 (La.1980). Rather, we consider the issue of whether the trial judge abused his sentencing discretion based on the record and on the reasons stated in pronouncing sentence.
In light of the facts of this case and the mitigating circumstances present, we are of the opinion that the trial judge abused the vast discretion accorded him in performing his sentencing function.
The record reveals that Bourgeois is a first offender. He has not engaged in the use of drugs since his arrest, approximately 2½ years ago. Defendant's family has offered him support and assistance. Bourgeois' commitment to rehabilitation demonstrates a change of character which decreases the need for a custodial environment and lessens the conclusion that he will be involved in future criminal activity. The trial judge's characterization of all children who may eventually receive drugs as victims of defendant's crime was an inappropriate factor to consider. By concentrating on the pervasiveness of drugs in society, the trial judge failed to impose an individualized sentence.
With regard to violations of the controlled dangerous substance law, C.Cr.P. art. 893 provides that the court may suspend the imposition or execution of sentence for first offenders, where suspension is allowed under law, if it would be in the best interests of the public or defendant. Considering all the facts and circumstances of this case, including the pre-sentence investigation report, we are of the opinion that a sentence of 15 years at hard labor is not in the defendant's, nor the public's best interest.
Consequently, even though the sentence imposed was within the statutorily defined range, we find it to be grossly out of proportion to the severity of the crime and nothing more than a needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Accordingly, the defendant's conviction is affirmed, but the sentence imposed is vacated and set aside and the case is remanded to the trial court with instructions to the trial judge to sentence the defendant in accordance with law.
NOTES
[*] Judges Wallace A. Edwards, Remy Chiasson and Elmo E. Lear of the First Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] C.Cr.P. art. 894.1 provides:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if: (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or (3) A lesser sentence will deprecate the seriousness of the defendant's crime.
"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation: (1) The defendant's criminal conduct neither caused not threatened serious harm; (2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm; (3) The defendant acted under strong provocation; (4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; (5) The victim of the defendant's criminal conduct induced or facilitated its commission; (6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained; (7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime; (8) The defendant's criminal conduct was the result of circumstances unlikely to recur; (9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime; (10) The defendant is particularly likely to respond affirmatively to probationary treatment; and (11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
"C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." Added by Acts 1977, No. 635, § 1.