MARVIN, Judge.
After pleading guilty to three counts of distribution of methamphetamine and to one count of possession of methamphetamine, defendant in these consolidated appeals asserts that his sentences were constitutionally excessive. LSA-Const. Art. 1, § 20. CCrP 894.1. We affirm.
Defendant was sentenced on the distribution counts to three years, five years, and five years, respectively, and on the possession count to serve one year. Each sentence included a $500 fine and was at hard labor to run concurrently with the other sentences.
Defendant contends that we should find the sentences excessive because the trial court used a checklist such as was criticized in State v. Fields, 394 So.2d 597 (La.1981), and failed to mention whether defendant was divorced or separated and whether there were persons dependent upon the support of defendant who might suffer hardship because of defendant’s imprisonment to an excessive sentence.
The trial court is not required to mechanically check off or mention every mitigating and aggravating circumstance such as whether or not defendant is married and has dependents relying upon his support. The sentence must be individualized and where the record clearly reveals the factual basis of the sentencing selection made by the trial court, the failure to discuss every consideration enumerated in CCrP 894.1 is not fatal. State v. Green, 409 So.2d 563 (La.1982); State v. Wimberly, 414 So.2d 666 (La.1982).
*1238 Here the check list used by the trial court contained the 11 mitigating factors set forth by the statute and did not exclude them as the Fields court did. This trial court observed that the 35-year-old defendant, who was a self employed roofer, had served in the military and was honorably discharged and that the defendant attributed his drug problems to his service in Vietnam. The court also observed that defendant had a prior felony conviction rendering him ineligible for probation or suspension of sentence. CCrP 893. It was also noted that defendant had been convicted for various traffic offenses and a DWI, had pleaded guilty to a charge of issuing worthless checks, and had similar charges pending. The charges on which defendant was sentenced included three separate sales of methamphetamine to undercover agents of the state and the possession of the drug at the time defendant was arrested.
A sentence of four years at hard labor plus a $1,000 fine was held not excessive for the first offense of distribution of marijuana. See State v. McDonald, 414 So.2d 735 (La.1982).
Concurrent sentences totaling five years at hard labor plus fines totaling $2,000 under the circumstances shown by this record are not excessive.
AFFIRMED.