443 So.2d 657 (1983)
STATE of Louisiana, Appellee,
v.
James Nathan HENRY, Appellant.
No. CR83-409.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Nathan James Henry, in pro. per.
Paul J. DeMahy, St. Martinville, for appellant.
*658 J. Phil Haney, Asst. Dist. Atty., St. Martinville, for appellee.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
James N. Henry (defendant) was indicted by the St. Martin Parish Grand Jury for the second degree murder of Gerald Baltazar, in violation of LSA-R.S. 14:30.1. Defendant entered a plea of not guilty to the charge. Subsequently, he was tried by a jury and found guilty of the lesser, included charge of manslaughter. See LSA-R.S. 14:31. After completion of a pre-sentence investigation, the trial court sentenced defendant to serve a term of fifteen years imprisonment at hard labor.
Defendant appeals from his conviction and sentence, and makes the following assignments of error:
(1) The trial court erred in refusing to give defendant's first special requested jury charge on self-defense which was based upon LSA-R.S. 14:19.
(2) The trial court erred in refusing to allow both defense counsels to make closing argument.
(3) The trial court erred in imposing an excessive sentence on defendant in violation of LSA-Const., Art. 1, § 20.

FACTS
On February 24, 1982, at approximately 3:00 P.M., defendant entered Cora's Lounge in Breaux Bridge. Shortly thereafter, he engaged the victim in a game of pool, and the two agreed to a wager of $1.00 on the outcome. However, when the game was over, an argument ensued between the two as to who had actually won. Another person then intervened and gave the victim a dollar, intending to prevent the argument from escalating further.
Insisting that he had won the game, defendant attempted to play another game of pool with someone else. However, the victim removed the cue ball from the table and demanded that he be allowed to play. Acceding to the victim's demand, defendant left the pool table and went to the bar, where he ordered a beer. He was then approached by the victim, who once again demanded that defendant pay him a dollar. When defendant refused to do so, the victim struck him and a fistfight began with defendant subsequently being knocked to the floor. Other persons in the lounge separated the two, and defendant returned to the bar to finish drinking his beer. He then left and went to his automobile.
As defendant was approaching his automobile, a friend of his blew his horn at him and motioned for defendant to come meet him. Defendant signaled that he would do so, but went to his automobile first. At approximately the same time, the victim came out of Cora's Lounge and was preparing to go to another lounge located nearby, where a group of people were barbecuing fish. However, for reasons which are unclear, the victim stopped, turned around, and began walking toward defendant. He also began to holler and scream at defendant, who had armed himself with a .45 caliber pistol.
As the victim approached defendant, he pointed the pistol at the victim's head and pulled the trigger. However, there was no cartridge in the chamber and the weapon failed to discharge. Defendant then worked the slide on the pistol which caused a cartridge to move from the magazine to the chamber. As this was happening, the victim continued to advance on defendant until he was approximately five feet from him. The victim then began taunting defendant to shoot him and defendant fired his pistol, striking the victim in the chest. The victim died a few hours later from the wound.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred in refusing to give his first requested special jury charge on self-defense which was based on LSA-R.S. 14:19[1]. He correctly *659 notes that this statute is inapplicable where the force or violence used to defend one's self results in a homicide. However, he argues that this statute and LSA-R.S. 14:20[2] create a double standard for self-defense in violation of the equal protection guarantees of LSA-Const., Art. 1, § 3, and the Fourteenth Amendment to the United States Constitution.
A review of the record clearly shows that defendant failed to raise any issue concerning the constitutionality of either of these statutes in the trial court, and that the trial court made no decision concerning their constitutionality.
It is well settled that a litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in an appellate court. State v. Madere, 352 So.2d 666 (La.1977); Johnson v. Welsh, 334 So.2d 395 (La.1976).
Thus, we will give no further consideration to this assignment of error.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in refusing to allow both of his defense counsels to make closing arguments on his behalf. He argues that this denial constitutes a violation of his right to have the assistance of counsel at all stages of the proceedings against him, as guaranteed by LSA-Const., Art. 1, § 13, and the Sixth and Fourteenth Amendments to the United States Constitution.
A review of the record shows that defendant merely objected to the trial court's refusal to allow both of his defense counsels to make closing arguments, and that he failed to state any grounds for his objection as required by LSA-C.Cr.P. Article 841. A defendant is required to state the basis of his objection to the trial court so that the trial court will have an opportunity to rule on the objection and to avoid or cure any error. State v. Baylis, 388 So.2d 713 (La.1980); State v. Lewis, 353 So.2d 703 (La.1977).
In any event, there is no merit to defendant's argument as one of his counsels made a closing argument which lasted for approximately one and a-half hours. In Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the Court stated:
"The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and *660 orderly conduct of the trial. In all these respects he must have broad discretion."
See 422 U.S., at 862, 95 S.Ct., at 2555.
We find no abuse of this discretion by the trial court.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in imposing a sentence on him of fifteen years imprisonment at hard labor. He argues that said sentence is excessive and constitutes a violation of the rights guaranteed to him by LSA-Const., Art. 1, § 20[3].
The maximum sentence that may be imposed for violating the provisions of LSA-R.S. 14:31 is imprisonment at hard labor for twenty-one years.
The trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982).
In view of the fact that defendant killed another human being whom he knew to be unarmed, that defendant had avenues of retreat, and that there were many people in the area upon whom defendant could have called to his aid had the victim actually attacked him at the time defendant shot him, we do not consider a sentence of fifteen years imprisonment at hard labor to be "grossly out of proportion to the severity of the crime". See State v. Williams, 397 So.2d 1287 (La.1981). Hence, the sentence imposed is not excessive, and the trial court did not abuse its discretion in imposing it.
This assignment of error is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:19 provides:

"§ 19. Use of force or violence in defense
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide." (Emphasis ours.)
[2] LSA-R.S. 14:20 provided, at the time defendant committed the crime with which he was charged, that:

"§ 20. Justifiable homicide
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; or
(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.
(3) When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business while committing or attempting to commit a burglary of such dwelling or business. The homicide shall be justifiable even though the person does not retreat from the encounter."
[3] Defendant does not contend that the trial court failed to follow the guidelines set forth in LSA-C.Cr.P. Article 894.1 in imposing sentence on him. The record shows that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. Article 894.1; therefore, this Court's review is limited to a determination of whether the trial court abused its sentencing discretion. See State v. McDonald, 414 So.2d 735 (La.1982); State v. Bourgeois, 406 So.2d 550 (La.1981); and, State v. Bosworth, 415 So.2d 912 (La.1981).