KNOLL, Judge.
Fred Sikes was originally charged by bills of information with attempted first-degree murder, a violation of LSA-R.S. 14:27 and 14:30, and driving while intoxicated, second and third offenses, violations of LSA-R.S. 14:98(C) and (D). As part of a plea bargain, the State dismissed the charge of attempted first-degree murder and filed a new bill of information charging Sikes with aggravated assault, a violation of LSA-R.S. 14:37. Sikes, without an agreement regarding sentencing, entered guilty pleas to the three charges. After receiving a pre-sentence investigation report, the trial judge imposed a six month sentence in the parish jail for driving while intoxicated (second offense), a six month sentence in the parish jail for aggravated assault, and a five year sentence at hard labor for driving while intoxicated (third offense); the fines and court costs were waived; all sentences were ordered to be served consecutively. Sikes appeals asserting that the trial court erred in imposing an excessive sentence for driving while intoxicated (third offense), and in ordering the sentences to be served consecutively. We affirm.
When Sikes entered his guilty pleas and later at his sentencing hearing, it was shown that he pleaded guilty in Caldwell Parish to operating a motor vehicle while intoxicated on July 23, 1982. Also, on April 22, 1983, Sikes was arrested by La-Salle Parish Deputies for driving while intoxicated (second offense).
On May 19, 1983, the Ouachita Parish Sheriffs Office alerted the LaSalle Parish Sheriff’s Office that Sikes was wanted for shooting his wife in West Monroe. LaSalle Parish deputies spotted and stopped Sikes’s truck; he exited his truck, shielded his body partially behind the truck, and pointed a .38 caliber pistol at the deputies. When Sikes failed to respond to the deputies’ orders to surrender his gun, he was shot in the left shoulder and taken into police custody. He was arrested for attempted first-degree murder and driving while intoxicated (third offense).
Sikes claims that his sentence for driving while intoxicated (third offense) is excessive.
The maximum sentence for a violation of LSA-R.S. 14:98(D) (third offense DWI) is imprisonment with or without hard labor for five years and a fine of $1,000. Defendant’s sentence of five years falls within the statutory limits. A sentence within the statutory limits may be reviewed for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court’s reasons for imposing a particular sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). To insure that each sentence imposed is individualized to the offender as well as to the offense, the trial judge must state for the record the considerations taken into account and the factual basis for his conclusions. LSA-C.Cr.P. Art. 894.1; State v. Little, 377 So.2d 332 (La.1979). Given compliance with C.Cr.P. Art. 894.1, the trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Henry, 443 So.2d 657 (La.App. 3rd Cir.1983); State v. Washington, 414 So.2d 313 (La.1982). The penalty imposed must be so disproportionate to the crime committed, in *877 light of the harm caused to society, as to shock our sense of justice. State v. Smack, 425 So.2d 737 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). While not controlling, the plea bargain should be considered as a factor in determining whether the sentence imposed is excessive. State v. Smack, supra.
When Sikes was stopped in LaSalle Parish he was intoxicated, armed, and posed an immediate threat to the well-being of the deputies. He was arrested one month before for driving while intoxicated (second offense). This was his third arrest for DWI within ten months. Through plea bargaining the charge of attempted first-degree murder was dismissed and the defendant was charged with the reduced offense of aggravated assault. The trial court conducted a lengthy colloquy with Sikes before it accepted his guilty plea; the record is clear that Sikes was thoroughly advised by the sentencing court of the strong possibility of the court imposing the maximum sentence. Nonetheless, Sikes freely chose to enter guilty pleas to the two DWI charges and the reduced charge of aggravated assault. Therefore, we do not find that the trial judge abused his sentencing discretion in imposing a sentence of five years at hard labor. Accordingly, we do not find Sikes’s sentence excessive.
Sikes also complains that the trial court erred in ordering consecutive sentences. We find that the consecutive sentence for DWI (second) could be imposed because this offense occurred a month pri- or to the other offenses. The trial judge noted that the DWI (third) and the aggravated assault, though taking place on the same day, were not the same transaction and were completely separate matters. The two offenses were unrelated. The use of a gun to assault the police officers stemmed directly from Sikes’s flight from West Monroe. The drunk driving posed a threat directly to the driving public. Accordingly, we find the trial court did not err in imposing consecutive sentences.
DECREE
For the foregoing reasons the convictions and sentences of the defendant, Fred Sikes, are affirmed.
AFFIRMED.