KNOLL, Judge.
Defendant, Paul Alan Schmutz, pleaded guilty to two counts of indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. The defendant was sentenced to serve five years at hard labor on each count, to run concurrently. Defendant’s sole contention is that his sentences are excessive. We affirm.
FACTS
In December 1984 and January 1985, defendant, nineteen years of age, babysat the five year old victim for friends who were attending a Lamaze course. Defendant knew the couple for at least two years, and babysat the victim approximately six times before the two reported incidents of indecent behavior. While babysitting, defendant brought the young victim to a shed behind the house where he proceeded to rub her vagina with his hands and perform oral sex upon her. On a subsequent occasion, he rubbed the victim’s vagina and breasts, and showed her his penis.
After the last reported incident, the victim was hospitalized for three days. The examination revealed no physical damages or outward bruises that would indicate that defendant struck her or physically injured her. However, the victim has serious emotional problems as a result of the sexual abuse by defendant. The victim was undergoing psychiatric counseling and treatment, which was discontinued because her family could no longer afford it financially. *248 She is in need of future psychiatric counseling and treatment.
In 1982 and 1983, prior to his commission of the immediate offenses, defendant received extensive psychiatric counseling from Dr. Walter White for depression related to the impossibility of continuing his relationship with a ten year old female cousin who moved to Texas. Defendant exhibited an intense preoccupation with pre-adolescent girls, and stated that his only sexual experience was with young girls. In 1985, after defendant pleaded guilty, he sought further psychiatric treatment from Dr. Michael Levitt, who agrees that defendant is suffering from a significant and severe psychiatric disturbance. Defendant is continuing psychiatric treatment at his expense.
EXCESSIVENESS OF SENTENCE
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for two counts of indecent behavior with a juvenile is imprisonment with or without hard labor for ten years and a $10,000 fine. LSA-R.S. 14:81(C). Defendant’s sentences of five years at hard labor on each count, to run concurrently, fall within the statutory limits. However, it is judicially recognized that a sentence, although within statutory limits, may violate defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these co-dal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Defendant claims his sentence is excessive because of the following mitigating circumstances: he was 19 years of age, resided with his parents, and attended McNeese State University where he was an honor student majoring in marine biology; defendant is self-employed and earns approximately $800 per month servicing and building aquariums and ponds area wide; defendant has no prior arrests or convictions; and defendant is voluntarily seeking psychiatric treatment at his own expense.
After careful consideration of the pre-sentence investigation report, we find the sentencing court articulated a well reasoned determination for imposition of the sentences, which is in compliance with the provisions of Article 894.1. We further find that the record overwhelmingly supports the sentencing choice. Defendant committed heinous and violent crimes. The young victim, at such an impressionable age, experienced trauma that will remain with her indefinitely. Although defendant has no prior convictions, the record clearly supports that he has a prior history of sexual abuse of young girls. Defendant’s sentences are not so disproportionate as to shock our sense of justice. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within the statutory limits, we find no abuse of the sentencing court’s discretion. Therefore, we conclude that defendant’s sentences of five years at hard labor on each count, to run concurrently, are not excessive.
*249 DECREE
For the foregoing reasons the sentences of the defendant, Paul Alan Schmutz, are affirmed.
AFFIRMED.