KNOLL, Judge.
Defendant, Donald M. Dew, pleaded guilty to simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, and theft of property having a value of more than $500, a violation of LSA-R.S. 14:67. Defendant was sentenced to serve five years at hard labor on each count, to run concurrent. Pursuant to the mandatory sentence provision of LSA-R.S. 14:62.2, the sentencing court ordered defendant to serve one year of the imposed sentence without benefit of parole, probation or suspension of sentence. Defendant appeals contending the sentencing court erred in imposing a constitutionally excessive sentence. We affirm.
FACTS
On March 17, 1985, defendant entered the home of Reverend M.C. Green in Vernon Parish without permission, stealing two three-wheelers, a yard blower, a tiller, a chain saw, a tow chain, a tool box and assorted tools. When the victim’s son and daughter-in-law saw defendant’s truck backed up to the victim’s home, they confronted him whereupon he fled the scene. While the victim’s son pursued defendant, he (defendant) wrecked his truck, severely damaging one of the victim’s three-wheelers which was loaded in the bed of the truck.
Defendant’s guilty plea was part of a plea bargain in which the State reduced the charge from aggravated burglary to simple burglary of an inhabited dwelling, and dismissed two misdemeanor charges also pending against defendant.
EXCESSIVENESS OF SENTENCE
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for simple burglary of an inhabited dwelling is twelve years with one year mandated to be served without benefit of parole, probation or suspension of sentence. The maximum sentence for theft of property having a value in excess of $500 is ten years, with or without hard labor, and a fine of $3,000. Defendant’s sentences fall within the statutory limits. Nonetheless, it is judicially recognized that a sentence, although within the statutory limits, may violate defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1 the record must re- *397 fleet that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Defendant claims his sentences are disproportionate to the severity of the offenses, and were not particularized. He stresses the following circumstances: he has remained free on bond pending the disposition of these offenses; he is gainfully employed and willing to make restitution to the victim; and he has not exhibited a propensity for violent behavior.
After a careful review of the record, we find the trial court articulated a well reasoned determination for its sentencing choice, which complies with the provisions of Article 894.1. Moreover, we further find that the record overwhelmingly supports the sentencing choice. Defendant, without any factor to justify his conduct, caused serious economic loss to the victim and clearly threatened serious personal harm to others by possessing a firearm during the commission of the crime, and his high speed departure from the scene of the crime. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within the statutory limits, we find that defendant’s sentences are not so disproportionate as to shock our sense of justice, and do not constitute an abuse of the trial court’s discretion. Therefore we conclude that defendant’s sentences are not constitutionally excessive.
DECREE
For the foregoing reasons, the sentences of defendant, Donald M. Dew, are affirmed.
AFFIRMED.