| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2024-KA-0155 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DONALD ANTHONY CROSBY | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 19-1098, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Charles Joseph Ballay
District Attorney
Mary Slavich Touzet
Assistant District Attorney
DISTRICY ATTORNEY'S OFFICE
25TH JDC, PLAQUEMINES PARISH
333 F. Edward Hebert Blvd., #201
Belle Chasse, LA 70037

        COUNSEL FOR STATE/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

        COUNSEL FOR DEFENDANT/APPELLANT

                CONVICTIONS AND SENTENCES AFFIRMED

                **SEPTEMBER 9, 2024**

*DLD*
*RML*
*NEK*

In this criminal appeal, the defendant, Donald Anthony Crosby, requests a review of the record in this case for errors patent.  Finding no errors patent, we affirm.

**BACKGROUND**

In a bill of information dated July 18, 2019, defendant was charged with one count of simple burglary, in violation of La. R.S. 14:62, and two counts of illegal possession of stolen goods with a value of one thousand dollars or more, but less than five thousand dollars, in violation of La. R.S. 14:69(B)(3).  On July 29, 2019, defendant appeared for arraignment and pled not guilty to the charges.

On February 3, 2020, defendant pled guilty to the charges, acknowledging that he was subject to a maximum sentence of twelve years imprisonment.  In exchange for the plea of guilty, the state agreed not to file a multiple bill.

On May 19, 2020, defendant was sentenced in connection with his burglary conviction to twelve years imprisonment and he was sentenced to four years imprisonment on each of his possession of stolen property convictions, with all sentences to be served concurrently, with credit for time served.

1

On November 20, 2020, the trial court denied defendant's *pro se* motion for reconsideration of his sentences but granted his *pro se* rule for clarification of his sentences, ordering that to the extent defendant was serving time with respect to prior convictions in "in Case No. 16-1064, Case No. 18-0654, or Case No. 18-0359, the Court will amend the sentences in the instant case to run them concurrently with the sentences in those cases."

On May 18, 2021, this Court ordered the district court to consider defendant's *pro se* pleading (in which he complained that his twelve-year sentence did not conform with the plea agreement he entered into with the state) as a motion for an out-of-time appeal as follows:

> The Relator, Donald Anthony Crosby, represents that he pleaded guilty to a charge of simple burglary on February 3, 2020. In a pleading styled as an appeal, Relator seeks review of the district court's sentence on his simple burglary charge and represents that the district court imposed a sentence which did not conform to a plea agreement between Relator and the State. Relator's pleading filed with this Court does not reflect that Relator filed a motion in the district court for an out-of-time appeal. Relator's writ is therefore granted for the sole purpose of transferring Relator's pleading to the district court. The district court is ordered to consider the pleading as a motion for out-of-time appeal.

*State v. Crosby,* 2021-0269 (La. App. 4 Cir. 5/18/21) (unpub'd order).

On August 23, 2021, the district court granted defendant an out-of-time appeal and appointed the Louisiana Appellate Project to represent defendant on appeal.

On March 27, 2024, the Louisiana Appellate Project filed an errors patent brief on defendant's behalf. On May 2, 2024, the state filed its appellee brief.

When defendant pled guilty, the only agreement made by the state was that it would not file a multiple bill against him. It was further acknowledged that no agreement was reached as to the sentence that would be imposed as a result of

defendant's guilty plea. Defendant acknowledged that the maximum sentence he could receive would be "12 years DOC."

At sentencing, defendant's prior convictions were discussed as defendant had numerous domestic abuse-related misdemeanor convictions. Specifically, on July 15, 2008, defendant pled guilty to two counts of domestic abuse battery first offense and to violation of a protective order. On January 21, 2009, defendant pled guilty to domestic abuse battery first offense, false imprisonment, simple criminal damage to property, simple assault and simple battery. On June 6, 2016, defendant pled guilty to domestic abuse battery second offense, which was a felony.[1] Further, the pre-sentence investigation (PSI) reflected that defendant was a fifth felony offender.

**ERRORS PATENT**

By his sole assignment of error, defendant requests a review of the record for errors patent. Defendant's counsel complied with the procedures outlined by *Anders v. California,* 386 U.S. 738 (1967), as interpreted by this Court in *State v. Benjamin,* 573 So.2d 528 (La. App. 4th Cir. 1990). Counsel filed a brief complying with *State v. Jyles,* 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*) following her review of the record. Counsel then moved to withdraw because following a diligent review of the record, she found no non-frivolous issues for appeal existed.

As per *State v. Benjamin,* we have conducted an independent review of the appellate record; and it does not appear that any non-frivolous grounds for appeal exist. The trial court conducted a *Boykin* colloquy with defendant and explained to

---

[1] These crimes were recited by the prosecutor because some of them were not included in the pre-sentence investigation (PSI).

him the rights he was waiving by pleading guilty. Defendant also executed a *Boykin* form.

As reflected in his *Boykin* transcript, defendant did not preserve any issues for appeal under *State v. Crosby,* 338 So.2d 584 (La. 1976), and he entered a plea of guilty to the charges lodged against him in the bill of information in exchange for the state agreeing not to file an habitual offender bill of information. "A validly entered guilty plea waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction." *State v. Davis,* 2015-1325, p. 8 (La. App. 4 Cir. 10/5/16), (*unpub.*) 2016 WL 5819245, *4 (citing *State v. Bourgeois,* 406 So.2d 550 (La. 1981). In this case, defendant was advised that he was relinquishing his right to appeal and acknowledged that he understood he was waiving that right. Thus, with regard to defendant's convictions, there are no matters at issue for this Court to review.

Regarding defendant's twelve-year sentence, which is not challenged as excessive or otherwise in this appeal, the trial court explained to defendant the possible sentences to which he was subject by virtue of his guilty plea. Further, defendant, in his *Boykin* form, acknowledged that he could receive the maximum sentence of "12 years DOC." As such, there exists no basis to contest the sentence that defendant received. It was also asserted at the sentencing hearing that defendant was a fifth felony offender. Accordingly, if not for the favorable plea deal that was negotiated on his behalf, defendant faced a much longer minimum sentence as a recidivist than the twelve-year sentence he received as a first offender. Thus, even though the imposed twelve-year sentence was greater than the ten-year sentence recommended in the PSI, counsel exercised reasonable judgment in not claiming that the twelve-year sentence imposed was excessive.

4

**CONCLUSION**

Following our review of the appellate record, we have not found that any non-frivolous grounds for appeal exist. Accordingly, defendant's convictions and concurrently-running sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED**