414 So.2d 735 (1982)
STATE of Louisiana
v.
Bennie James McDONALD.
No. 81-KA-2546.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.[*]
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Allen Harvey, Asst. Dist. Atty., for plaintiff-appellee.
James D. Sparks, Jr., Monroe, for defendant-appellant.
*736 DIXON, Chief Justice.[**]
On March 31, 1981 Bennie J. McDonald was charged by bill of information with distribution of marijuana in violation of R.S. 40:967. He pleaded not guilty. After a jury trial, defendant was found guilty as charged. He was sentenced to four years imprisonment at hard labor and to pay a fine of $1000 or to serve an additional year in parish jail.
Assignment of Error No. 1
Defendant contends that error patent on the face of the record exists because trial counsel did not raise constitutional questions by a motion to suppress or request a jury instruction on entrapment and that these omissions constitute ineffective assistance of counsel. There is no error patent. The record does not disclose why the constitutional questions were not raised, nor that they would have been meritorious. Defendant is, therefore, relegated to post-conviction proceedings to exploit these issues.
This contention lacks merit.
Assignments of Error Nos. 2, 3, 4 and 5
Defendant argues that improper hearsay testimony was introduced, that the state did not comply with a discovery motion, and that the court erred in not giving a jury instruction on entrapment. No contemporaneous objection was raised by defense counsel on any of these grounds; defendant is precluded from raising the issue for the first time in this court. C.Cr.P. 841; State v. Belgard, 410 So.2d 720 (La.1982); State v. Elizey, 407 So.2d 1204 (La.1981); State v. McDermitt, 406 So.2d 195 (La. 1981); State v. Cook, 396 So.2d 1258 (La. 1981); State v. Bonanno, 373 So.2d 1284 (La.1979).
These assignments lack merit.
Assignment of Error No. 6
Defendant asserts that the trial judge did not comply with the sentencing guidelines in C.Cr.P. 894.1 and that the sentence imposed is excessive.
C.Cr.P. 894.1 sets forth guidelines to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence in order to ensure that each sentence is individualized to the offender and the offense. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981). The trial judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately contemplated the guidelines in C.Cr.P. 894.1. State v. Grey, 408 So.2d 1239 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979), cert. den., 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).
At the sentencing hearing, the trial court noted the defendant's "prior involvement with the law" (a misdemeanor conviction for simple battery and a charge of nonsupport). The court was influenced by the quantity of contraband seized, one pound, and surmised that it would have been eventually packaged in small amounts for resale. This factor, coupled with the price of $500 realized by the accused in the transaction, led the court to conclude that the offense was serious. An undue risk that other criminal acts might be committed by defendant if given a suspended sentence or probation was believed to exist due to defendant's admission in the presentence investigation report that he had used marijuana for over five years despite its illegality. The court stated that these considerations offset the fact that this was the accused's first felony conviction. In addition to these remarks, a form was filed into the record which restates the mitigating factors enumerated in C.Cr.P. 894.1. The form contains two columns in which to check whether or not each factor was present. None of these factors was checked by the trial court; the aggravating circumstances discussed above were reiterated at the bottom *737 of the form. The trial court adequately complied with the sentencing guidelines in C.Cr.P. 894.1; therefore, this court's review is limited to a determination of whether the trial court abused its sentencing discretion. State v. Bourgeois, supra; State v. Bosworth, 415 So.2d 912 (La.1981).
The maximum penalty for distribution of marijuana is imprisonment at hard labor for ten years and a fine of $15,000. R.S. 40:967. Even though within the statutory limit, a sentence may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); La.Const.Art. 1, § 21 (1974). The presentence investigation report indicates that defendant has been steadily employed over the past several years as a welder, millwright and currently as a musician in a band. He is twenty-eight years old, resides with his second wife and eighteen month old daughter, and pays child support for two minor sons of a previous marriage. Although the accused denied ever selling marijuana, he admitted using the drug since 1975.
A harsh sentence for a first offender involved in the possession or sale of a small quantity of contraband may be excessive under certain circumstances. See State v. Grey, supra; State v. Tilley, 400 So.2d 1363 (La.1981). However, the sentence imposed in the instant case is not excessive. Cf., State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980). The facts reveal that the accused distributed a large amount of contraband for a price of $500. As pointed out by the trial judge, this volume of marijuana must have been intended for resale; defendant did not sell just one "bag", he was a middle man in the sequence of distribution.
In this regard, the present case is easily distinguishable from State v. Touchet, 372 So.2d 1184 (La.1979), where a sentence of four years at hard labor for distribution of marijuana was reversed. In that case, a nineteen year old male sold a "lid" for $1.00. The amount of contraband involved in this case is substantially greater than that seen in Touchet, where the accused was most probably the last link in the chain of distribution. Also, the offender in Touchet cooperated fully with the police by providing the identity of the individual for whom he had made the sale. Defendant McDonald refused to disclose the identity of "George", the mystery person he contends actually transferred the marijuana to the undercover agent and who allegedly owned the substance. (In a belated motion for a new trial, defendant states that "George" is now willing to come forward and testify in defendant's behalf). Moreover, this court did not hold that the sentence imposed in Touchet was excessive; the case was reversed due to the trial court's failure to articulate any reasons whatsoever for the sentence imposed.
For these reasons, defendant's conviction and sentence are affirmed.
NOTES
[*] Dennis, J., would grant a rehearing.
[**] Judges Israel M. Augustine and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.