471 So.2d 308 (1985)
STATE of Louisiana
v.
Rosalina POZO.
No. KA-3155.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., *309 Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Charles L. Elloie, New Orleans, for defendant-appellant.
Before GULOTTA, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Rosalina Pozo was convicted of possession of marijuana with intent to distribute in violation of La.R.S. 40:966. She was sentenced to ten years at hard labor. It is from this conviction and sentence that defendant now appeals asserting two assignments of error[1]: (1) the trial court was in error in failing to grant her motion to suppress, and (2) the sentence imposed on her was excessive.
Officers who conducted the surveillance of defendant's activities that eventually led to her arrest, testified at trial. They stated that they observed what appeared to be several drug transactions conducted from a house in New Orleans. When defendant and Daniel Ciniglio (co-defendant who was found guilty of simple possession of marijuana) left the house, the officers followed them to Lincoln Beach. At Lincoln Beach, defendant was observed speaking to a man who had driven up. One of the officers left the scene to obtain a search warrant, and the remaining officer followed defendant and Ciniglio as they drove to another residence. Defendant and Ciniglio went in and stayed for about twenty minutes. When they left, Ciniglio put a green plastic garbage bag into the car. As they were driving, the surveillance officer and other police stopped them and placed them under arrest. The green bag could be plainly seen through the rear window of the car, and the police were able to see eight onepound bags of marijuana inside.
The investigating officers returned to the residence in which defendant lived with Ciniglio and executed a search warrant. The search revealed two one-pound bags of marijuana and $650.00 in cash.

ASSIGNMENT OF ERROR NO. 1
Defendant asserts that the trial court was in error in denying the motion to suppress evidence.
We have reviewed the record and do not find a motion to suppress evidence or a transcript of any hearing. We note that a minute entry contained in the record shows that a hearing on a motion to suppress filed by Ciniglio was held prior to trial. The minute entry also indicates that defendant was not present at the hearing. Based on the record, it is clear that defendant did not file a motion to suppress nor joined in the motion filed by Ciniglio.
Furthermore, we have reviewed the evidence presented at trial and find that the seizure of the evidence from the car and from the residence was constitutional.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the sentence of ten years at hard labor imposed by the trial court was unconstitutionally excessive. See La.Const. art. 1,§ 20 (1974).
We have reviewed the transcript of the sentencing hearing and find that the court considered the facts as enumerated in Louisiana Code of Criminal Procedure art. 894.1. Furthermore, the trial court also noted defendant's fourteen previous arrests and prior felony convictions. Although the sentence was the maximum provided for by statute, it was within the discretion of the trial court. See State v. Nealy, 450 So.2d 634 (La. 1984); State v. Clay, 408 So.2d 1295 (La.1982).
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The second assignment of error filed by defendant was neither briefed nor argued and is considered abandoned. State v. Joseph, 425 So.2d 1261 (La.1983).