471 So.2d 1186 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Gary Thomas LaGRANGE, Defendant-Appellant.
No. CR84-1076.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1187 William D. Dyess, Many, La., for defendant-appellant.
James L. Davis, Many, La., for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Defendant, Gary Thomas LaGrange, pleaded guilty to distribution of marijuana, a violation of LSA-R.S. 40:966(A)(1). The trial judge sentenced defendant to serve six years at hard labor and a $7500 fine, and in default of payment one additional year at hard labor. Defendant appeals claiming that the trial judge failed to apply the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and that the sentence is excessive. We vacate defendant's sentence, finding the trial court abused its sentencing discretion, and remand the case for resentencing.
On February 24, 1984, defendant sold two sandwich bags of marijuana for $100 to undercover agents of the Sabine Parish Sheriff's Office. From this transaction defendant was charged with distribution of marijuana and pleaded guilty.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
In imposing sentence, the trial court reviewed defendant's pre-sentence investigation report and concluded that any *1188 lesser sentence would deprecate the seriousness of the offense; that defendant would commit another crime if given a probated sentence; and, that defendant is in need of a custodial environment which can best be provided by confinement in an institution. Although the trial court could have been more explicit in its discussion of the sentencing guidelines, we find that the court adequately complied with the sentencing guidelines. Therefore our review is limited to a determination of whether the trial court abused its sentencing discretion. State v. McDonald, supra.
Article I, § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. It is well settled that a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981).
After a careful study of the record, we are compelled to find that the trial court abused its sentencing discretion and imposed an excessive sentence upon defendant. The record reflects that defendant is thirty years of age, married, and has a three year old child and a seven year old stepchild. He is employed and earns $58.20 per day as a deck hand. His holdings consist of a 1982 Subaru, furniture, a washer and dryer. Defendant was accepted as a pauper by the court and received court appointed counsel. He does not have a juvenile record, but he does have one misdemeanor conviction from Shreveport in 1972 for possession of marijuana.
For a first felony conviction, with only one misdemeanor on his record, the defendant received a harsh sentence. The record fails to support that such a sentence is merited. A harsh sentence for a first felony offender involved in the possession or sale of a small quantity of contraband may be excessive under certain circumstances. State v. Stroud, 438 So.2d 1172 (La.App. 3rd Cir.1983); State v. McDonald, supra; State v. Grey, 408 So.2d 1239 (La. 1982); State v. Tilley, supra. Harsh sentences should be reserved for the more egregious defendants. There is nothing in the record to suggest that defendant is one of the more egregious offenders. There was only one charge filed against defendant from a parish wide drug investigation and it is this charge to which defendant pleaded guilty. A thorough search of defendant's residence was conducted immediately after the sale of the marijuana and it failed to uncover any other contraband.
We further find the substantial fine imposed upon an indigent defendant without the likelihood or means of paying a fine unreasonable. In addition to receiving six years, defendant was fined $7500, and in default of payment, one additional year. While we recognize that a defendant's poverty does not immunize him from punishment, by the same token, the court cannot impose a fine as a sentence and then automatically convert it into a term of imprisonment solely because defendant is indigent and cannot forthwith pay the fine. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Cf. State v. Jones, 473 So.2d 917 (La.App. 3rd Cir. (1985).
Under the circumstances of this case, we find that the lengthy sentence and the substantial fine imposed are constitutionally excessive, and that the ends of justice would best be served by the imposition of a lesser sentence.

DECREE
For the foregoing reasons, defendant's sentence is hereby vacated and set aside, and this case is remanded to the district court for resentencing in accordance with the views expressed herein.
SENTENCE VACATED AND REMANDED TO THE DISTRICT COURT FOR RESENTENCING.