KNOLL, Judge.
Defendant, Keith M. Delahoussaye, appeals his conviction and sentence for manslaughter, a violation of LSA-R.S. 14:31, urging that: (1) the evidence did not prove beyond a reasonable doubt that the victim’s death was not accidental; (2) the sentence of twenty-one years at hard labor with an additional two years under LSA-R.S. 14:95.2 without benefit of parole, probation or suspension of sentence constitutes excessive punishment under the Louisiana constitution; and (3) the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. We affirm defendant’s conviction and sentence.
FACTS
On December 31, 1979, defendant entertained several of his friends at his parents’ home. The day-long New Years Eve celebration culminated in the death of Paul Brasseaux and the aggravated assault of Robert Underhill, both guests at the party.
The testimony establishes that defendant and his guests barbecued, ate, drank alcoholic beverages and played cards to the time of Brasseaux’s death. Several times during the day defendant became upset when his guests popped firecrackers in the house. On one occasion defendant produced a pump shotgun which Paul Brasseaux pulled to his chest saying that defendant was all mouth and no action, and that defendant would not shoot anyone. The final quarrel arose from the recurrence of the popping of firecrackers. Defendant again armed himself with the shotgun, pointed it at Robert Underhill, and told him to leave. Paul Brasseaux intervened placing the shotgun barrel to his chest saying, “Man, you ain’t going to shoot.” After the lapse of several seconds, defendant fired the shotgun at point blank range killing Paul Brasseaux. Defendant ejected the spent shell, pumped a live round into the chamber, and told Underhill, “This one’s for *1076 you.” Underhill ran from the house. Defendant pursued him, firing one shotgun blast in Underhill’s direction which struck a parked school bus.
Defendant was first tried by a jury in 1981 and convicted of first-degree murder with the imposition of a life sentence. We reversed defendant’s conviction and sentence, because of a prejudicial error that prevented defendant from receiving a fair and impartial trial. State v. Delahoussaye, 443 So.2d 648 (La.App.3rd Cir.1983). In the present case, defendant elected to be tried by judge alone.
SUFFICIENCY OF THE EVIDENCE
Defendant contends that the trial court erred in returning a verdict of manslaughter when the evidence failed to prove beyond a reasonable doubt that Brasseaux’s death was not the result of an accidental shooting.
The standard of appellate review for the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and has been held applicable to cases involving direct or direct and circumstantial evidence. State v. Payne, 461 So.2d 1151 (La.App.3rd Cir.1984), writ denied, 464 So.2d 314 (La.1985). The Jackson standard requires that the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were established beyond a reasonable doubt.
LSA-R.S. 14:31 defines manslaughter in pertinent part as:

“(1) A homicide which would be murder under either Article SO (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or

(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony npt enumerated in Articles 30 or 30.1, or of any intentional misdemean- or directly affecting the person; ...”
Defendant was indicted for first-degree murder, and because of the jury’s rejection of capital punishment at defendant’s first trial, his maximum punishment in the second trial could have been life imprisonment. At the second trial, before a judge alone, two theories of the homicide were presented: the State alleged that defendant intentionally shot Paul Brasseaux; defendant claimed that he shot Paul Brasseaux accidentally. Two witnesses, Robert Underhill and Brenda Lalonde, testified that when the shotgun discharged Paul Brasseaux was no longer holding the gun barrel. A third witness, Ray Hoover, testified that once Paul Brasseaux pulled the gun barrel, defendant continued to aim the shotgun at him. This evidence coupled with shooting the victim at point blank range certainly supports the trial judge’s rejection of defendant’s theory of accidental shooting. Further, the record does not support defendant’s contention.
The judge could also have returned a verdict of manslaughter based on a finding that defendant, while originally pointing the shotgun at Robert Underhill (an aggravated assault under LSA-R.S. 14:37), accidentally shot and killed Paul Brasseaux. LSA-R.S. 14:31(2)(a). The continuity of the aggravated assault is buttressed by the fact that after shooting Paul Brasseaux, defendant ejected the spent shell, pumped a live shell into the gun chamber, aimed the gun at Underhill, and shouted, “This one is for you.”, and shot the gun as he pursued Underhill down the street.
Therefore, we find that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would *1077 have found beyond a reasonable doubt that defendant was guilty of manslaughter.
SENTENCING
Defendant contends the trial court failed to follow the guidelines of C.Cr.P. Art. 894.1, and imposed an excessive sentence.
Article 1, Sec. 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. A sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). To determine if a particular penalty is excessive a reviewing court must conclude that, in light of the harm caused to society, the penalty is so grossly disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court must state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. LaGrange, 471 So.2d 1186 (La.App.3rd Cir.1985). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in C.Cr.P. Art. 894.1, which provides criteria to follow in imposing sentence, the record must reflect that adequate consideration was given to such guidelines in particularizing defendant’s sentence. State v. LaGrange, supra.
The record shows that defendant was 18 years of age at the time the offense was committed. He had no juvenile or adult record. The sentencing court had the benefit of a pre-sentence investigation, and a sentencing hearing in which defendant presented three witnesses on his behalf. The court also rendered written reasons for its sentencing choice.
The sentencing court concluded that a sentence of imprisonment should be imposed, emphasizing that defendant had taken another man’s life, and therefore “severe punishment is due.” Further, the court found that defendant was likely to commit another crime if given a probated sentence and that a lesser sentence would deprecate the seriousness of defendant’s crime. The court noted that defendant was indicted for first-degree murder. We find that the sentencing court adequately complied with the sentencing guidelines.
In our review of the record we cannot say the sentencing court abused its much discretion by imposing the maximum sentence and an additional two years under L.S.A.-R.S. 14:95.2. Defendant violently killed his friend. Defendant’s actions were senseless and unprovoked. In addition, defendant’s immediate reaction after shooting Paul Brasseaux was to pursue and fire at Robert Underhill, another friend, in an attempt to kill him with the same weapon. Under these circumstances we do not find the penalty imposed so disproportionate to the crime committed as to shock our sense of justice. Therefore, we find that defendant’s sentence is not excessive. See State v. Roussel, 424 So.2d 226 (La.1982).
MOTION TO STRIKE
Additionally, defendant filed a motion to strike the State’s appellate brief, citing the Uniform Rules of the Court of Appeals as well as ethical considerations and disciplinary rules of the Code of Professional Responsibility.
Rule 2-12.4 and Rule 2-12.13 of the Uniform Rules of the Court of Appeals provide:
Rule 2-12.4 in pertinent part:
“The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourte *1078 ous or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned. ”

Rule 2-12-13:

“Briefs not in compliance with these Rules may be stricken in whole or in part by the court, and the delinquent party or counsel of record may be ordered to file a new or amended brief.”

The ethical considerations and disciplinary rules of Canon 7 of the Code of Professional Responsibility (Article 16, Articles of Incorporation of the Louisiana State Bar Association) provide in part as follows:

“EC 7-13 The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict.

* * * * * *

DR 7-106 Trial Conduct.

* * * * ⅜ *

(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

(1) State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence. ”
Defendant claims that the State violated the above rules in its appellate brief by referring to the first-degree murder conviction and failing to mention that it was reversed. Defendant further alleges that the State made misstatements of fact by stating that defendant was unemployed and engaged in criminal conduct, and in referring to reasons for the verdict that were not in the record. Although the State may have made some inappropriate references, the rules of the appellate court were not violated. The language in the State’s brief was not “vile, obscene, obnoxious” [or] “insulting ... of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution.” Uniform Rules of the Court of Appeals, Rule 2-12.4.
Defendant also claims that the State violated disciplinary rules. This contention should be addressed by the Committee on Professional Responsibility rather than by this court.
We deny defendant’s motion to strike.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs but reiterates his thought that the Jackson standard should not be applicable to criminal appellate review in Louisiana, nor should appellate courts be made to review sentences for excessiveness so long as the sentences are within the perimeters of the sentencing statute.