KING, Judge.
The issues presented by this appeal are (1) whether or not the trial court erred in finding that certain testimony was irrelevant and refusing to admit it into evidence; (2) whether or not the trial court erred in failing to give special jury charges requested by the defendant; (3) whether or not there was sufficient evidence upon which to base a conviction; and (4) whether or not the sentence imposed was unconstitutionally excessive.
Charles Dennison (hereinafter referred to as the defendant) was charged by Bill of Information with the offense of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Trial was held and a twelve person jury, with one juror disagreeing, returned a verdict of guilty as charged. A pre-sentence investigation was ordered and a pre-sentence report was made. At the sentencing hearing the defendant was sentenced to serve three (3) years at hard labor with the Louisiana Department of Corrections, one (1) year of which was to be served without benefit of parole, probation, or suspension of sentence. Defendant appeals his conviction and sentence alleging as assignments of error that:
(1) The trial court erred in failing to allow Halprinze Stroud to testify concerning his trips to Roger’s Trailer Park and to further testify concerning property being located in supposedly empty or vacant trailers;
(2) The trial court erred in failing to allow Tony Ledford to testify concerning his trips to Roger’s Trailer Park and viewing other trailers;
(3) The trial court erred in failing to allow Paul Black to testify concerning his looking at supposedly empty or vacant trailers;
(4) The trial court erred in failing to allow Ron Sczruba to testify concerning his leaving property behind when he vacated his trailer at Roger’s Trailer Park;
(5) The trial court erred in failing to give the defendant’s requested special jury charge on specific intent;
(6) The trial court erred in failing to give the defendant’s requested special jury charge concerning abandonment of property;
(7) The trial court erred in finding that there was sufficient evidence upon which to base a conviction, particularly when the testimony offered by the proffers was considered; and
(8) The trial court erred in imposing an excessive sentence upon the defendant.
FACTS
On October 27, 1984, Mrs. Gunning, a resident of a trailer park in Leesville, Louisiana, noticed the defendant approach her neighbor’s trailer. She knew that her neighbors, the Stewarts, had traveled to Alexandria, Louisiana for the weekend. Mrs. Gunning observed the defendant push in the window on the door of the Stewart trailer, reach through the window, open the door, and then enter the trailer. Mrs. Gunning immediately informed her husband, who instructed her to call the police. While awaiting the arrival of law enforce *1073 ment officers, Mr. Gunning stood outside of the Stewart trailer and heard noises coming from within the trailer as if drawers and cabinets were being “rattled.” When the law enforcement officers arrived, they also heard noises inside the trailer. The officers ordered the defendant to come out of the trailer. The defendant immediately stepped out of the trailer and told the officers that he thought the trailer was vacant. A screwdriver was removed from the defendant’s pocket and he was placed under arrest. The Stewarts, upon returning home the next day, noticed that an empty wallet had been taken from a jewelry box in the living room and left in a bedroom. The Stewarts also found that a knife and a can of “Coleman” lighter fluid had been moved from their customary places. The Stewarts testified that they had not moved those particular items, nor did they authorize the defendant to enter their trailer.
ASSIGNMENTS OF ERROR NUMBERS 1, 2, 3, AND 4
In his first four assignments of error the defendant alleges that the trial court erred in excluding from the jury the relevant testimony of four witnesses. As each of the defense’s witnesses, Halprinze Stroud, Tony Ledford, Paul Black, and Ron Sczru-ba, began to testify before the jury about their viewing vacant trailers in the trailer park, the State objected to the questioning as being irrelevant. The trial judge refused to admit before the jury any of the testimony of these witnesses on the ground that it was not relevant. In each instance the trial judge, after maintaining the objection, retired the jury and allowed the testimony of each witness to be entered in the record as a proffer of proof. The defendant argues that the testimony of these witnesses was relevant to show that the defendant thought the Stewart’s trailer was vacant and to prove that he was looking for abandoned items, thus negating any specific intent to commit a theft in an inhabited dwelling.
LSA-R.S. 15:441 provides:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.”
The relevancy of evidence must be determined by the purpose for which it is offered. LSA-R.S. 15:442. A determination of relevancy lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. State v. West, 419 So.2d 868 (La.1982); State v. Johnson, 438 So.2d 1221 (La.App. 3rd Cir.1983).
The testimony of Stroud, Ledford, and Black, adduced on proffer, shows that these witnesses’ testimony related only to their entrances into vacant trailers, with the explicit permission of the trailer park management, not for the purpose of searching out and taking abandoned property, but merely for the purpose of inspecting the trailers in prospect of renting the trailers. The proffered testimony in no instance revealed that property left in the trailers was abandoned for anyone’s taking, nor that the trailer park'management ever authorized anyone to enter any trailer for the purpose of taking anything. This testimony is irrelevant to the issue of whether or not the defendant had the specific intent to commit a theft from the Stewart trailer. Although Sczruba testified on proffer that he found abandoned property in the particular trailer which he rented and that upon vacating this trailer he left behind some of his property he no longer wanted, his testimony is also irrelevant to the issue of whether or not the defendant had the specific intent to commit a theft from the Stewart trailer. Sczruba’s testimony only related to property that had been left in his trailer. It should also be noted that during the proffer of Sczruba’s testimony there was no showing whatsoev- ■ - '•hat the defendant was ever aware of tne status of any property in Sczruba’s trailer. This proffered testimony of these *1074 witnesses was not rélevant to establish that the defendant could have reasonably believed that there was any article in the Stewart trailer that was abandoned and which he could rightfully take possession of and claim as his own. The proffered testimony of Stroud, Ledford, and Black, relating to their inspection of other trailers with the permission of the trailer park management in prospect of renting them, and of Sczruba, relating to property in his trailer, was irrelevant to the issue of whether or not defendant had the specific intent to commit a theft in the Stewart trailer. State v. George, 346 So.2d 694 (La.1977).
Defendant broke into the Stewart trailer knowing that he did not have permission of the owner, the trailer park management, a tenant, or anyone else to enter the trailer and take property. Defendant, even though he may have mistakenly believed that the Stewart trailer was vacant, knew that the trailer was in fact owned by someone else. Defendant was also cognizant of the fact, as he himself admitted, that he did not have the permission of anyone to enter the Stewart trailer for any purpose. Defendant broke into the locked Stewart trailer. Knowing these facts, the defendant must necessarily have known that to enter and take anything from the Stewart trailer would constitute the entering and taking of property from the trailer without permission.
We find that the trial judge did not abuse his discretion in excluding these witnesses’ testimony as irrelevant.
ASSIGNMENTS OF ERROR NUMBERS 5 AND 6
In his fifth and sixth assignments of error, the defendant alleges that the trial court erred in failing to give his special charges concerning specific intent and abandonment of property.
LSA-C.Cr.P. Article 802 provides in part that the court shall charge the jury as to the law applicable to the case. LSA-C. Cr.P. Article 807 provides that:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.”
LSA-R.S. 14:62.2 states in part that:
“Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.”
The trial court, in its general jury charge, instructed the jury on the element of intent. The defendant’s requested charge of specific intent was included in this general charge thus satisfying the requirements of LSA-C.Cr.P. Art. 807. Therefore, the trial court did not err by failing to give the defendant’s requested charge on specific intent.
The defendant also claims that the jury should have been instructed as to abandonment of property, since he claimed that he entered the trailer with the belief that it contained abandoned property. As cited above, LSA-C.Cr.P. Article 802 provides that the trial judge should charge the jury as to the pertinent law applicable to the case.
The cases relied upon by defendant are civil in nature and are clearly unrelated to any criminal matter. These cases deal only with the landlord-tenant relationship in the context of abandonment of leased property and they have no bearing whatsoever on the facts of this case.
*1075 In light of all the evidence presented at trial, even that of the proffer, there is absolutely nothing which would support the defendant’s claim that he thought there was abandoned property in the Stewart trailer. To the contrary the evidence clearly shows that there were obvious, visible signs, apparent to anyone, that the Stewart trailer was occupied rather than vacant. The fact that the defendant had lived in the trailer park for only two and one-half weeks is certainly not a reasonable basis for him to claim that he thought the Stewart trailer was vacant and contained abandoned property in light of the apparent signs of occupancy.
The defendant’s defense that he entered the trailer to take abandoned property was totally unsupported by the evidence and therefore the requested charge was not pertinent. The trial judge did not err in failing to charge the jury as to abandonment of property since it was not supported by the evidence.
ASSIGNMENT OF ERROR NUMBER 7
In his seventh assignment of error, the defendant contends that there was not sufficient evidence upon which to base a conviction under the standard outlined in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review in cases involving challenges to the sufficiency of the evidence is whether, when the evidence is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. The defendant urges us to consider the testimony offered by proffer.
After careful review of the record, and even taking into consideration the testimony offered by proffer, which we have already held to have been properly excluded by the trial judge, we find, applying the standard of Jackson v. Virginia, supra, that the trier of fact could have found the defendant guilty beyond a reasonable doubt.
The defendant’s alleged defense that he believed the Stewart trailer was vacant and contained abandoned property, thereby negating the specific intent required for a conviction under LSA-R.S. 14:62.2, is not plausible in view of all of the evidence presented at trial. Even considering as true the defendant’s claim that there was abandoned property in other vacant trailers in the trailer park and that he knew of its existence, the facts do not support defendant’s contention that he believed the Stewart trailer was vacant and contained abandoned property that was his for the taking. All outward appearances showed occupancy of the Stewart trailer. There were toys and other possessions of the Stewart family positioned around the trailer. There was also much activity around and inside of the Stewart trailer. Mrs. Stewart was there most of the time with her two children. The fact that the Stewart trailer was locked clearly indicated that nothing was abandoned. The defendant, once in the trailer, should have seen sufficient signs of it being occupied. The defendant in essence contends that since he only resided in the trailer park for two and one-half weeks, worked a great deal of that time, was aware that other trailers contained abandoned property, was unaware that anyone lived in the Stewart trailer, and that he entered the Stewart trailer only to look for abandoned property, that he has proved he did not have the specific intent to enter the trailer to steal. The defendant’s contentions do not support a reasonable belief that the Stewart trailer was vacant and contained abandoned property, and to even suggest such a defense borders on the incredible.
We find no merit in this assignment of error.
ASSIGNMENT OF ERROR NUMBER 8
In the defendant’s final assignment of error, he contends that the trial judge imposed an excessive sentence on the defendant.
LSA-R.S. 14:62.2 provides that:
“Whoever commits the crime of simple burglary of an inhabited dwelling shall *1076 be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
In the instant case, the trial judge sentenced the defendant to serve three (3) years at hard labor with the Louisiana Department of Corrections, one (1) year of which is to be served without benefit of parole, probation or suspension of sentence.
Although a defendant’s sentence falls within the statutory limits, it is judicially recognized that a sentence, although within statutory limits, may violate defendant’s constitutional rights against excessive sentencing. Article I, § 20 of the 1974 Louisiana Constitution; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. King, 471 So.2d 1181 (La.App. 3rd Cir.1985); State v. LaGrange, 471 So.2d 1186 (La. App. 3rd Cir.1985). While the trial court has broad discretion in imposing sentences, that discretion is not unbridled. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra. The defendant’s constitutional right against an excessive sentence is enforceable by a reviewing court. State v. Davis, 449 So.2d 452 (La.1984).
The standard on appeal for determining whether a sentence imposed by a trial court is unconstitutionally excessive has been established by this court as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983), writ den., 433 So.2d 166 (La.1983).
After careful review of the record and the law involved in this cáse, we find that the trial judge has not abused his discretion in imposing this particular sentence upon the defendant. In passing sentence, the trial judge, after indicating that he had received and reviewed the pre-sen-tence report and had given the defendant’s counsel opportunity to review the report and to comment, set forth the sentence and his reasons for imposing the sentence under the provisions of LSA-C.Cr.P. Art. 894.1, including both militating and mitigating facts.
The sentence imposed by the trial judge is at the lower end of the prescribed range of the penalty. Under the circumstances of this case, we find that the sentence imposed is not so disproportionate to the crime committed as to shock our sense of justice, and it is therefore not an abuse of discretion for the trial judge to impose it.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.