XELVERTON, Judge.
Defendant, Terry Babson, was charged with aggravated rape in violation of La. R.S. 14:42, aggravated burglary in violation of La.R.S. 14:60, and aggravated crime against nature in violation of La.R.S. 14:89.1. Pursuant to a plea bargain agreement the state amended the aggravated rape charge to one of forcible rape in violation of La.R.S. 14:42.1, and dismissed the aggravated burglary charge and defendant pleaded guilty to forcible rape and aggravated crime against nature. The trial court sentenced him to thirty years at hard labor without the benefit of probation, parole or suspension of sentence on the charge of forcible rape, and ten years at hard labor without benefit of probation, parole or suspension of sentence on the charge of aggravated crime against nature. The sentences are to run concurrently. The defendant appeals his conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error the defendant requests that this court review the record for errors patent. An inspection of the pleadings and proceedings pursuant to La. C.Cr.P. art. 920 reveals no errors.
ASSIGNMENT OF ERROR NO. 2
This is an excessive sentence assignment. The maximum sentence for forcible rape is forty years at hard labor, at least two years of which shall be without benefit of probation, parole, or suspension. For aggravated crime against nature the maximum sentence is fifteen years, such sentence to be without benefit of suspension of sentence, probation, or parole. The defendant’s sentences were within the statutory limits for he was sentenced to thirty years on the forcible rape charge and ten years on the aggravated crime against nature charge. It is well settled that a sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra. In State v. Davis, 449 So.2d 452 (La.1984),. the Supreme Court stated:
“La. Const, art. I, § 20 prohibits the imposition by law of excessive punishment. This Court has, therefore, held that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right *251 against excessive punishment; that right is enforceable by this Court on appellate review. State v. Smith, 437 So.2d 252 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983) ...”
The appellate standard for determining whether a sentence is unconstitutionally excessive has been articulated by this court as follows:
“A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
State v. Morgan, 428 So.2d 1215, at page 1216 (La.1983).
In the case at hand, it appears that the sentence does make a measurable contribution to the acceptable goals of punishment, is not the purposeless imposition of pain and suffering, and is not grossly out of proportion to the severity of the crime. The trial court’s reasons for sentencing elucidate the reasonableness of the sentence. The trial judge stated, in part as follows:
“According to the Lafayette Sheriff’s Report you went to the victim’s residence and spoke to her husband regarding the purchase of a boat. You subsequently returned when the husband was not at home and forced your way into the victim’s home at knifepoint and committed the crimes mentioned above.
“Your statement is that you made love to the victim a couple of times, that she hollered ‘Rape,’ and you were arrested about a week later.
“The victim states that she suffered no physical injury requiring tratement, but she does suffer considerable psychological stress. She also indicates that her three-year-old daughter witnessed the acts and now suffers psychological stress, but is apparently doing well at the current time.
“You have no juvenile record, but you do have an extensive adult criminal record on your own admission, having been convicted of two (2) prior felonies, although the report reflects — I think it’s four (4). The report also reflects that you committed simple battery in 1984 when you picked up a victim and gave her a ride home and during the ride made advances to her. When she resisted, you pushed her out of the car and left her in a roadside ditch. The report also reflects that you consider yourself stable, requiring no treatment, and your wife also considers you stable and states that you never mistreated her.
“The Court has also considered the report of Dr. Shirley of the Lafayette Institute of Behavioral Therapy and Crisis Management, in which the doctor states that you have a mental condition that needs treatment and that you suffer from atypical impulse control disorder.
“The Court has also considered the statements of Detective Mensey, which in effect mention that the crimes that you committed were serious and had quite an effect on the victim, and that you knew exactly what you were doing.
“The Court has also considered the fact that you have so far during your life been regularly employed, usually doing labor-type work.
“In light of these findings the court, because of your prior criminal convictions, is prevented from considering or allowing you to be placed on probation or to be given a suspended sentence. After considering all of these factors, the seriousness of the crimes that you committed, the damage which you did to the victim as well as her daughter, and the likelihood in the Court’s opinion that you *252 would commit another crime of a similar nature if released, the Court does hereby sentence you to a term of imprisonment for thirty (30) years at hard labor without benefit of probation, parole, or suspension of sentence on the charge of forcible rape; and to a term of imprisonment at hard labor for ten (10) years without benefit of probation, parole, or suspension of sentence on the charge of aggravated crime against nature. These terms are to be served concurrently....”
The above, as well as the pre-sentencing reports, indicate that although the defendant had been regularly employed and had a mental condition, the nature of the crime, the effect of the crime on the victim and his prior convictions necessitated a harsh sentence.
Although in his brief the defendant cites forcible rape cases in which sentences similar to the defendant’s were imposed on defendants committing more heinous crimes, the sentences imposed on the defendant do not appear excessive in light of the factors considered by the trial judge. The trial judge did not abuse his discretion. This assignment of error lacks merit.
CONVICTION AND SENTENCES AFFIRMED.