506 So.2d 970 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Brenda L. HERRON, Defendant-Appellant.
No. CR86-361.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Jack F. Owens, Jr., Harrisonburg, for defendant-appellant.
John F. Johnson, Dist. Atty., Jerry Humble, Asst. Dist. Atty., Harrisonburg, for plaintiff-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant, Brenda Herron, was charged by bill of information with possession of marijuana, second offense, in violation of La. R.S. 40:966(D), possession of marijuana with intent to distribute, in violation of La. R.S. 40:966(A), and two counts of distribution of marijuana, in violation of La. R.S. 40:966(A).
Pursuant to a plea bargain, the defendant pleaded guilty to possession of marijuana, second offense, and to one count of distribution of marijuana. On motion of the State, the charges of possession of marijuana with intent to distribute and one count of distribution of marijuana were dropped.
After considering a pre-sentence investigation report, the trial court sentenced the defendant to serve a term of imprisonment at hard labor for ten years and to pay a fine of $7,500 for the charge of distribution of marijuana. The defendant was sentenced to serve a term of imprisonment at hard labor for five years and to pay a fine of $2,000 for the charge of possession of marijuana, second offense. This sentence is to run consecutively with that for distribution of marijuana. The sentence of five years at hard labor and $2,000 fine was suspended, and defendant was placed on five years probation. The defendant's fully satisfying the sentence imposed for the distribution of marijuana was a special condition of probation. Defendant now appeals her sentence. We affirm.

*971 ASSIGNMENT OF ERROR
In this assignment of error the defendant alleges that the trial court imposed an excessive sentence and failed to meet the requirements of La. C.Cr.P. art. 894.1. The allegation that the district court failed to comply with the guidelines of La.C.Cr.P. art. 894.1 is without merit, for the record affirmatively shows that the district judge considered all of the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La. 1981).
The sentences imposed are within the statutory guidelines. The maximum sentence for distribution of marijuana is ten years at hard labor and a fine of $15,000. The maximum sentence for possession of marijuana, second offense, is five years at hard labor and $2,000.
It is well settled that a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La. 1979); State v. LaGrange, 471 So.2d 1186 (La.App. 3d Cir.1985). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. Id. at 1188.
The appellate standard for determining whether a sentence is unconstitutionally excessive has been articulated as follows:
"A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)."
State v. Morgan, 428 So.2d 1215, 1216 (La. App. 3d Cir.), writ denied, 433 So.2d 166 (La.1983).
Sentences in the maximum statutory range do not seem excessive in light of the defendant's background. As the trial judge mentioned, she is a third time offender who has failed to respond to probationary treatment. Furthermore, both prior offenses also involved violations of the controlled dangerous substance statutes. The trial judge noted that she had been the primary source of marijuana to "younger people in the Gainesville area." These considerations would outweigh any mitigating factors.
In State v. Pozo, 471 So.2d 308 (La.App. 4th Cir.1985), defendant's prior arrests supported the trial court's imposition of the maximum sentence. Ms. Herron's extensive drug-related criminal record also justifies the most severe sentence.
It should further be noted that pursuant to La.C.Cr.P. art. 893, the defendant would not have been entitled to probation or suspension of sentence since she was a multiple offender who had been convicted of distribution of a controlled dangerous substance. The judge, thus, properly did not suspend the sentence for the charge of distribution of marijuana.
An examination of the record leads us to conclude that the trial court did not manifestly abuse its discretion in sentencing the defendant to the maximum sentence of ten years at hard labor and a fine of $7,500 for the distribution charge and five years probation for the possession charge. We do not find that the sentences are so disproportionate to the crimes committed as to shock our sense of justice. The defendant's assignment of error is without merit.
For the above and foregoing reasons, the defendant's sentences are affirmed.
AFFIRMED.