YELVERTON, Judge.
Marvin Deal was convicted of two counts of attempted second degree murder, and sentenced to 15 years at hard labor on each count, the sentences to run concurrently. His appeal attacks the conviction for errors and the sentences for excessiveness. We affirm.
Two game wardens in Rapides Parish were investigating reports of night hunting at about 9:00 o’clock on the night of December 12, 1984. They approached two subjects in a field in darkness, and before identifying themselves one of the game wardens turned on a light. One of the subjects fired five times with his shotgun in the direction of the game wardens, wounding an officer. After the officers identified themselves and one of them got off a shot with his revolver, the attackers fled. A search of the area produced a 12-gauge Browning shotgun, five spent shells, a dead rabbit, and a headlight and battery.
Marvin Deal and Ronnie Deal, brothers, were arrested and indicted on two counts of attempted first degree murder, a violation of La.R.S. 14:30 (murder) and La.R.S. 14:27 (attempt). A severance was granted and Ronnie, tried first, was convicted of aggravated battery. Ronnie made a deal with the state and testified for the state against his brother, and at Marvin’s trial he was convicted of attempted second degree murder, two counts.
Marvin’s appeal relies on an alleged patent error as well as three assignments of error: (1) The refusal to grant a motion to quash; (2) Insufficiency of the evidence; and (3) Excessive sentence.
Before taking up the assignments of errors we will first look at what appellant designates as an error patent. He contends that on the face of the indictment and answers to a bill of particulars, he was subjected to double jeopardy and that a motion to quash that he filed and that was overruled, should have been granted.
In the answer to the bill of particulars the state declared that defendant would be prosecuted under R.S. 14:27 and R.S. 14:30(A)(3). The latter statute provides as follows:
“A. First degree murder is the killing of a human being:
* * * * # *
“(3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person; or
# * * * # # })
The defendant claims that this indictment charging him with two counts of attempted first degree murder relying on R.S. 14:30(A)(3) subjects him to double jeopardy.
We agree with the defendant that he would have been exposed to double jeopardy had he been prosecuted under that provision. Had he been prosecuted under that provision, the evidence supporting the conviction on one count would have been the same as the evidence supporting a conviction on the other count, simply because the evidence to support a conviction on each count would necessarily have included proof that the defendant fired at both game wardens. See State v. Steele, 387 So.2d 1175 (La.1980) and State v. Williams, 461 So.2d 1118 (La.App. 5th Cir. 1984).
As it turned out, however, defendant was not prosecuted under subsection (A)(3). The state’s brief points out that just before trial the state agreed not to prosecute under subsection (A)(3). The record bears this out, as the charges to the jury do not contain any instruction dealing with R.S. 14:30(A)(3). The motion to quash was tried on the morning that the trial began. *86 The minutes of court show that the jury charges were ready when the motion to quash was heard. The trial judge was then aware that the state would not be prosecuting under subsection (A)(3). Accordingly, when the motion to quash was heard, there was no longer any double jeopardy problem in existence. The motion to quash was properly denied.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error the defendant claims that the trial court erred in refusing to grant his motion to quash for another reason. The indictment charged two counts of attempt to “commit first degree murder of a law enforcement officer employed by the Louisiana Department of Wildlife and Fisheries.” The defendant argues that the language of the indictment attempts to improperly fit the victims under La.R.S. 14:30(A)(2) and La.R.S. 14:30(B) which provides as follows:
“A. First degree murder is the killing of a human being:
* % # * * *
“(2) When the offender has a specific intent to kill or to inflict great bodily harm upon a fireman or peace officer engaged in the performance of his lawful duties;
* * # * # *
“B. For the purposes of Paragraph (A)(2) herein, the term peace officer is defined to include any constable, marshal, deputy marshal, sheriff, deputy sheriff, local or state policeman, game warden, federal law enforcement officer, jail or prison guard, parole officer, probation officer, judge, attorney general, assistant attorney general, attorney general’s investigator, district attorney, assistant district attorney, or district attorney’s investigator.” (Emphasis added.)
The defendant claims that the indictment incorrectly categorizes the wildlife agents as game wardens.
In denying the motion to quash the trial court stated:
"... It’s my belief that we cannot find a definition of the word game warden in the statutes, but that the State has put on evidence sufficient for the jury to make a determination of whether or not the victims in the case were game wardens within the intendment of the statute and thus, their verdict, whatever it may be, will — will tell us one way or the other.”
The trial judge found that whether the wildlife agents were “game wardens” was one of fact to be determined by the jury. We agree with the trial court. As there is no law or jurisprudence specifically holding that officers of the Wildlife and Fisheries Department are or are not “game wardens”, that was simply an issue of fact for the jury to determine.
It makes no difference in any event, because the jury found the defendant guilty of attempted second-degree murder, and therefore never had to decide whether the agents were “game wardens.” This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error the defendant claims that the state failed to present evidence sufficient for a conviction. The defendant contends that the only evidence supporting the conviction is the unreliable testimony of his brother Ronnie Deal.
The appellate standard of review for claims of insufficiency of evidence is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, would have found beyond a reasonable doubt that the defendant was guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At Marvin’s trial Ronnie Deal admitted that he had previously lied when he said that he and Marvin had nothing to do with the shooting. He testified that he and Marvin had been hunting that night and that Marvin had shot the agent. He identified the light and battery found at the scene as the ones he had purchased earlier. He admitted that his brother used both a Browning and a Remington gun. Members of the Deal family testified that neither Marvin nor Ronnie were hunting that night. Juanita Williams testified that the defendant was at her house at 10:20 p.m. on the night of the shooting.
*87 If conflicting testimony is presented, as in the case at hand, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. That determination of credibility is entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). The jury’s finding that Ronnie Deal was credible and that Ronnie and Marvin Deal were hunting and involved in the shooting is not contrary to the evidence. The discovery of a headlight, battery, and a gun belonging to the Deals in the area near the scene of the shooting supports Ronnie Deal’s testimony.
Viewing Ronnie Deal’s testimony and the above-mentioned tangible evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of attempted second degree murder. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error the defendant contends that the trial court erred in imposing an unreasonable and excessive sentence. The defendant was sentenced on each count to serve 15 years to run concurrently. The maximum sentence for attempted second degree murder is 50 years at hard labor (R.S. 14:27 and R.S. 14:30.1). It is well settled that a sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra.
In the case at hand, the trial judge did not abuse his discretion, for the sentence does make a measurable contribution to the acceptable goals of punishment, is not the purposeless imposition of pain and suffering, and is not grossly out of proportion to the severity of the crime. In imposing the sentence the trial judge noted the defendant’s past criminal record, favorable letters, and the severity of the crime. He took into account both mitigating and aggravating circumstances. The consideration of these factors indicate that the sentence was not excessive and that the trial judge did not abuse his discretion. This assignment of error lacks merit.
The conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.