KNOLL, Judge.
Defendant, Randy Allen Stanford, pleaded guilty to possession of cocaine, a violation of LSA-R.S. 40:967 C(2). He was sentenced to serve 5 years in the Department of Corrections, which was suspended and defendant was placed on 5 years active supervised probation; as a special condition of probation, defendant was required to serve 2 years in the parish jail, enroll in and complete a substance abuse program, refrain from any contact with illegal drugs and people who are involved with them and pay a $10 a month supervision fee. Defendant appeals his sentence contending: (1) the court failed to comply with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1; and, (2) his sentence is excessive. We affirm.
FACTS
On September 3, 1986, two Rapides Parish narcotics officers were on routine patrol on Giamanco Street in Alexandria, Louisiana, when they began travelling behind a 1981 Pontiac automobile. This automobile pulled over and stopped, partially blocking an intersection coming from a parking lot onto the street. The driver, later identified as Randy Stanford, turned on the light, and began “fooling around” inside the vehicle. The narcotics officers proceeded to stop the driver for partially blocking the street. When the narcotics officers spoke with Stanford outside of his vehicle he appeared nervous and spoke fast. The officers identified themselves, advised Stanford of his rights and requested identification. Stanford entered his vehicle to obtain his drivers license, grabbed something on the seat and threw it downward. The officers became suspicious of Stanford’s actions and obtained his consent to search his vehicle. Upon searching the vehicle the officers found approximately ¾⅛ of an ounce of marijuana in the glove box, a white substance, which Stanford identified as cocaine, a mirror, razor blade and a straw. Valiums, for which Stanford had no prescription, were also found in the console. Stanford was placed under arrest for possession of marijuana, cocaine and valium.
Defendant pleaded guilty to the possession of cocaine charge. In exchange for this plea the possession of marijuana and valium charges were nolle prossed. The court ordered a pre-sentence investigation before sentencing.
SENTENCE
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law *764 of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for possession of cocaine is imprisonment with or without hard labor for not less than two years and for not more than five years and, in addition, may be sentenced to pay a fine of not more than $5,000. Defendant’s sentence falls within the statutory limits. However even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court’s reasons for imposition of a sentence are an important aid when we review a sentence for exces-siveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
In imposing sentence, the trial judge stated:
“Mr. Stanford, you entered a plea of guilty some time ago in front of me to a charge of possession of cocaine and I order [sic] a presentence investigation in your case and fixed a time for you to come in for sentence ... I have received a presentence investigation from the department on you and it is not too favorable to you. You have a fairly .long misdeameanor [sic] record. You have one charge in the past that was a felony, but reduced ... to a misdeameanor [sic]. I’m convinced from most of it that your main problem is that you are a substance abuser more than anything else and as a matter of fact, the record pretty well covers that, bears that out, but you’ve been afforded every opportunity in the world to straighten up and apparently didn’t do in time because you got ... this conviction....”
Defendant did not raise an objection to this sentence at the time of sentencing. However, no formal contemporaneous objection at the time of sentencing is necessary to preserve the right of review of a sentence. State v. Grey, 408 So.2d 1239 (La.1982).
The record shows that before the imposition of sentence, the sentencing court considered defendant’s extensive misdemeanor record and his substance abuse problem. On November 20, 1986, Stanford pleaded guilty to possession of marijuana in violation of LSA-R.S. 40:966 D(l). In exchange for that plea, a concealed weapon charge was nolle prossed. On March 13, 1987, defendant was charged with distribution of cocaine which was still pending before the Ninth Judicial District Court when the pre-sentence investigation report was written. This charge occurred after the conviction before us for review. It therefore becomes clear that defendant is not serious about rehabilitation.
Defendant argues that imposition of a jail term will place a hardship on his parents and his three minor children. The presentence investigation report notes that defendant’s .parents have custody of his children. Although caring for three small children, ages 12, 6 and 4, will place a burden on defendant’s parents, this factor alone is not substantial enough to forego imposition of the jail term.
The sentencing court has wide discretion in sentencing matters and the sentencing choice should not be disturbed absent an abuse of discretion. After a careful review, we find that the record fully supports the sentencing choice and that the sentencing court adequately followed the guidelines of LSA-C.Cr.P. Art. 894.1. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crime committed as to shock our sense of justice. Therefore, we conclude that defendant’s sentence is not constitutionally excessive.
*765 DECREE
For the foregoing reasons, the sentence of defendant, Randy Allen Stanford, is affirmed.
AFFIRMED.